UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

KATHERI W. MURRY, Debtor                              CASE NO. 03-13553-DWH

KATHERI W. MURRY                                              PLAINTIFF

VERSUS                                              ADV. PROC. NO. 08-1220-DWH

GREEN TREE SERVICING, LLC                                     DEFENDANT

OPINION

On consideration before the court is a motion for summary judgment filed by the defendant, Green Tree Servicing, LLC; a response to said motion having been filed by the plaintiff, Katheri W. Murry; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

Katheri W. Murry ("Debtor") filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on June 3, 2003. She listed in her schedules a secured debt owed to Conseco Finance Servicing Corporation which was related to a loan she obtained for the purchase of a manufactured home. The loan was evidenced by a promissory note, security agreement, and disclosure statement executed on March 1, 2002. Green Tree Servicing, LLC, ("Green Tree")

became the servicer of the loan on June 23, 2003, and promptly filed a proof of claim in the debtor's bankruptcy case. The debtor's Chapter 13 plan was confirmed on August 13, 2003. On December 28, 2006, an order was entered sustaining a motion filed by the Chapter 13 trustee which requested an order declaring the §1322(b)(5) claim of Green Tree current and all defaults cured. The debtor received her discharge on April 9, 2007.

On October 20, 2008, the debtor's bankruptcy case, which had been closed post-discharge, was re-opened, and this adversary proceeding was initiated. In her complaint, the debtor alleges that, between the petition date and the date of the confirmation of her Chapter 13 plan, she was charged simple interest in the amount of $478.58 because no payments were received from the trustee, even though she was making regular monthly payments to the trustee. She asserts that Green Tree charged her account improper, unapproved, unauthorized, and unlawful charges not validated by the bankruptcy court, as well as, misapplied payments made by the trustee. In this context, she contends that Green Tree assessed her account and collected interest based on the date that payments were made by the trustee which effectively inflated the total amount of interest charged to her. Finally, she asserts other unlawful activities undertaken by Green Tree during the servicing of the loan including purported violations of the automatic stay.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must

2

examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofanov, 69 F.3d 59, 61 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

Green Tree filed its motion for summary judgment asserting that it is entitled to a judgment as a matter of law. Green Tree alleges that due to its own internal bookkeeping errors that the debtor received a greater reduction in her loan principal than she should have received during the life of her Chapter 13 plan. Green Tree acknowledges that it charged simple interest to the debtor's account based on the date that payments were made by the trustee. As to this practice, the court notes that if the trustee's payment date was later than the loan contract

3

payment date, a higher monthly interest charge would be assessed against the debtor due to no fault of the debtor.

### V.

This court is of the opinion that this adversary proceeding is replete with numerous material factual issues that remain in dispute. As mentioned in the debtor's responsive memorandum, Green Tree has produced to counsel for the debtor four different payment histories for her loan, each one of which differs substantially from the other. The debtor's payment history and the methodology employed by Green Tree to apply her payments literally begs for an evidentiary hearing. The fact that the debtor may have received an unanticipated "windfall" as a result of Green Tree's bookkeeping errors does not translate into a judgment as a matter of law for Green Tree.

### VI.

The court feels compelled to respond to Green Tree's comment that it respectfully disagrees with *In re Harris*, 297 B.R. 61 (Bankr. N.D. Miss. 2003). The court would point out that *Harris* was appealed to the United States District Court for the Northern District of Mississippi, where it was affirmed as reported at 312 B.R. 591 (N.D. Miss. 2004). More importantly, the discussion in *Harris* that is relevant to the proceeding subjudice was based on *In re Lee*, 167 B.R. 417 (Bankr. S.D. Miss. 1992), aff'd 168 B.R. 319 (S.D. Miss. 1993), aff'd 22 F.3d 1094 (5th Cir. 1994), which coincidentally involved Green Tree Acceptance Corporation. In the *Lee* case, Green Tree Acceptance Corporation raised many of the same arguments that Green Tree raises in its present motion for summary judgment. The pertinent holding in *Lee*, which was to the effect that mortgage servicers cannot penalize debtors based on the administrative

procedures utilized by Chapter 13 trustees when the debtors are current in their plan payments, is still the law in the Fifth Circuit. *In re Harris*, 297 B.R. at 68 - 9. Green Tree has not offered this court any plausible reason that the holdings in either *Lee* or *Harris* should be modified or reversed.

As set forth hereinabove, the court is of the opinion that genuine issues of material fact remain in dispute. As such, Green Tree's motion for summary judgment is not well taken.

A separate order will be entered consistent with this opinion.

This the 24th day of August, 2009.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE